1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

                                Petitioner,

        v.

STATE OF WASHINGTON,

                                Respondent.

Case No. C20-0189-MJP-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2254.[1]  Petitioner asserts in

this action that he is being illegally confined pursuant to the criminal judgment entered in King

County Superior Court case number 99-1-06987-7 SEA.  (*See* Dkt. 14.)  He requests that the Court

vacate his conviction and order his release from confinement. (*See id*. at 6.)  This Court, having

reviewed petitioner's submissions, recommends that this matter be dismissed without calling for a

---

[1] Petitioner does not specify the statutory basis for his application for federal habeas relief.  However, the
Ninth Circuit has held that 28 U.S.C. § 2254 is the exclusive avenue for a state court prisoner to challenge the
constitutionality of his detention, which is what petitioner is apparently attempting to do in this action.  *See White v.
Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546,
552–54 (9th Cir. 2010) (en banc)).  Petitioner's petition is therefore properly construed as a petition for writ of habeas
corpus brought pursuant to § 2254.

REPORT AND RECOMMENDATION
PAGE - 1

1  response. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss

2  a habeas petition if it appears from the face of the petition that the petitioner is not entitled to

3  relief).

4  <u>DISCUSSION</u>

5  On February 7, 2020, petitioner submitted to the Court for filing a document entitled

6  "Personal Restraint Petition"[2] in which he asserted that he was being illegally confined at the

7  Washington State Penitentiary under King County Superior Court case number 99-1-06987-7

8  SEA. (*See* Dkt. 1.) Because petitioner failed to submit with his petition either the requisite $5 filing

9  fee or an application to proceed with this action *in forma pauperis*, his submission was deemed

10  deficient and the action was unable to proceed.  Petitioner was given opportunities to correct the

11  deficiency but he failed to do so in a timely fashion and, thus, on July 7, 2020, the undersigned

12  issued a Report and Recommendation recommending to United States District Judge Marsha J.

13  Pechman that this action be dismissed for failure to prosecute. (Dkt. 11.) On July 29, 2020,

14  petitioner paid the filing fee and Judge Pechman thereafter terminated the pending Report and

15  Recommendation as moot and referred the matter back to the undersigned for further proceedings.

16  (*See* Dkt. 17.)

17  Prior to paying the filing fee, petitioner submitted additional documents to this Court in

18  which he appears to expand this habeas action to also include challenges to state court judgments

19  entered in King County Superior Court case numbers 01-1-10807-3 SEA, 01-1-09176-6 SEA, and

20  02-1-02047-6 SEA.  (*See* Dkts. 12, 13, 15, 16.)

21  Petitioner is a frequent litigant in this Court who has repeatedly filed federal habeas

22

23  _____

[2]  Petitioner submitted his pleading on a standard form authorized under Washington Rule of Appellate Procedure ("RAP") 16.7 for the filing of personal restraint petitions in state court.  (*See* Dkt. 14.)

REPORT AND RECOMMENDATION
PAGE - 2

petitions challenging his various state court convictions. *See Allah v. State of Washington*, C02-292-JCC (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Waddington*, C05-434-RSL (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Brunson*, C05-1480-MJP; (challenging 01-1-10807-3 SEA and 01-1-09176-6 SEA); *Allah v. Frakes*, C12-484-TSZ (challenging 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Washington State Supreme Court*, C17-458-RSM (challenging 02-1-02047-6 SEA); *Allah v. Sinclair, et al.,* C19-735-JLR (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Sinclair, et al.*, C19-902-TSZ (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Holbrook*, C19-1103-JCC (challenging 99-1-06987-7 SEA, 01-1-10807-3 SEA, 01-1-09176-6 SEA, and 02-1-02047-6 SEA); *Allah v. Holbrook*, C20-784-JLR (challenging 99-1-06987-7); *see also Allah v. Robinson*, C14-1234-TSZ; *Allah v. Holbrook*, C16-535-RSL.   All of petitioner's previous challenges have been rejected.

Petitioner's challenges to 99-1-06987-7, as asserted in the instant action, are substantially similar to those asserted in another recent habeas action, *Allah v. Holbrook*, C20-784-JLR.  A Report and Recommendation recommending dismissal of that action was recently issued by the undersigned and is currently pending before United States District Judge James L. Robart.  *See Allah v. Holbrook*, C20-784-JLR, Dkt. 5.  Thus, to the extent petitioner seeks to challenge in this action his confinement pursuant to King County Superior Court case number 99-1-06987-7, his petition is duplicative and should therefore be dismissed.  To the extent petitioner seeks to challenge in this action the judgements entered in his other King County Superior Court criminal cases, his claims appear to essentially be that the judgments are invalid because they do not name "Allah" as the defendant but, instead, name Edwin Randal Coston.  This is a claim that has been

REPORT AND RECOMMENDATION
PAGE - 3

1    repeatedly raised and rejected in this Court over the years and it would serve no purpose to revisit

2    the issue here.

3        The Court also notes, as it has in disposing of a number of other recent habeas actions filed

4    by petitioner, that petitioner's purported challenges to his years old state court judgements are

5    untimely.  Federal habeas corpus petitions filed by persons imprisoned under a state court

6    judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).  Under 28

7    U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment

8    became final by the conclusion of direct review or the expiration of the time for seeking such

9    review. . . ."  This Court's records show that the state convictions challenged in the instant action

10   have been final for more than one year, as recently held in *Allah v. Sinclair, et al.,* C19-735-JLR,

11   and *Allah v. Holbrook,* C19-1103-JCC, both of which were dismissed as untimely under 28 U.S.C.

12   § 2244(d).  Thus, in addition to being duplicative, the instant petition is clearly untimely as well.

13                                   CONCLUSION

14       For the foregoing reasons, this Court recommends that petitioner's federal habeas petition

15   (Dkt. 14), petitioner's amended application for federal habeas relief (Dkt. 15), and petitioner's

16   supplemental motion for release (Dkt. 16) be denied.  This Court further recommends that this

17   action be dismissed with prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the

18   United States District Courts.[3]

19       A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

20   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

21   from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has

22

23       _____
         [3] Rule 4 requires a judge to dismiss a habeas petition brought under § 2254 if it plainly appears from the petition and attached exhibits that the petitioner is not entitled to relief in the district court.

REPORT AND RECOMMENDATION
PAGE - 4

made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this action. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 11, 2020**.

DATED this <u>17th</u> day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5